UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONTAE CRAWFORD,

Petitioner

v. C-1-03-690

LAWRENCE MACK,

Respondent

ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254. The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 7) recommending that the Petition for Writ of Habeas Corpus be dismissed to which neither party has objected.

REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Dayton Correctional Institution in Dayton, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's "Answer/Return of Writ." (Docs. 1, 5).

## Procedural Background

On August 31, 2001, petitioner was indicted by the Hamilton County, Ohio, grand jury on one count of possession of marijuana as defined in Ohio Rev. Code § 2925.11(A), and one count of trafficking in marijuana as defined in Ohio Rev. Code § 2925.03(A)(1). (Doc. 5, Ex. 1). On February 27, 2002, petitioner entered a guilty plea to the charged offenses as felonies of the third degree. (*Id.,* Ex. 3). In the Entry signed by petitioner, petitioner stated that he understood and acknowledged that he had "agreed with the prosecution on a potential sentence, to wit: 3 yr each count consecutive." (*Id.*). On March 13, 2002, per the parties' agreement, petitioner was sentenced to consecutive three-year terms of imprisonment on each count. (*Id.,* Exs. 4, 5).

With the assistance of new counsel, petitioner filed a timely notice of appeal on March 28, 2002 to the Ohio Court of Appeals, First Appellate District (Case No. C020202). (*Id.,* Ex. 6). Petitioner's trial counsel also filed a notice of appeal on April 10, 2002 (Case No. C020240). (*Id.,* Ex. 7). Yet another attorney filed a motion on April 23, 2002 to withdraw the appeal in Case No. C020202 because "another appeal has been filed on his behalf in Appeal No. C020[]240." (*Id.,* Ex. 8). The Ohio Court of Appeals granted the motion to withdraw the appeal in Case No. C020202 on April 25, 2002. (*Id.,* Ex. 9).

In the remaining appeal (Case No. C020240), petitioner's trial counsel filed a brief raising the following two assignments of error:

> 1. The trial court erred in imposing a sentence contrary to law and unsupported by the record through its failure to make required findings on the record.
>
> 2. The trial court erred in imposing an excessive sentence, unsupported by the record.

(*Id.,* Ex. 10). In response, the State filed an opposition brief, as well as a motion to dismiss the appeal "for the reason that defendant-appellant raises only issues pertaining to an agreed sentence." (*Id.,* Exs. 11-12). On November 1, 2002, the Ohio Court of Appeals granted the State's motion to dismiss, stating only that "[t]here being no response thereto, the Court finds that said motion is well taken." (*Id.,* Ex. 13). Apparently, petitioner did not attempt a further appeal to the Supreme Court of Ohio. (*See id.,* Brief, p. 4).

Instead, on November 7, 2002, petitioner's trial counsel filed an untimely response to the State's motion to dismiss the appeal. (*Id.,* Ex. 14). He also filed a motion for reconsideration of the November 1, 2002 dismissal order on November 12, 2002. (*Id.,* Ex. 15). On November 27, 2002, the Ohio Court of Appeals overruled the motion for reconsideration without opinion. (*Id.,* Ex. 16). Respondent states that "[t]here was no further appeal from this decision." (*Id.,* Brief, p. 4).

On January 29, 2003, approximately two months after the Ohio Court of Appeals denied petitioner's motion for reconsideration of its dismissal order, petitioner filed a *pro se* application to reopen his direct appeal pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 17). On April 16, 2003, the Ohio Court of Appeals denied the application for reopening. (*Id.,* Ex. 19). The court reasoned in pertinent part:

> In his application, the appellant contends that he was denied the effective assistance of appellate counsel, because counsel failed to [timely] respond to the state's motion to dismiss his appeal, and because counsel failed to present on appeal an assignment of error challenging his own ineffectiveness as trial counsel in permitting the appellant to enter a plea agreement that included an agreed sentence that the appellant contends, could not, consistent with R.C. 2929.14(E)(4), have been imposed.
>
> The doctrine of res judicata operates to bar consideration of a claim of ineffective assistance of appellate counsel advanced in an App.R. 26(B) application, if the claim was or could have been raised previously in an appeal, unless, under the circumstances, the application of the doctrine to bar the claim would be unjust. . . . The appellant's claims, as advanced in his application, present matters that could have been raised on appeal to the Supreme Court of Ohio. The appellant did not appeal to the supreme court the judgment of this court dismissing his appeal. And he does not now offer, nor does our review of the record disclose, any reason why the application of the doctrine of res judicata to bar his claims would be unjust. The court, therefore, concludes that res judicata bars the appellant's claims.
>
> Moreover, the same counsel represented the appellant at trial and on direct appeal. Thus, to the extent that the appellant's claim of ineffective assistance of *trial* counsel might be said to depend for its resolution upon evidence dehors the record, an R.C. 2953.21 postconviction petition, rather than an App.R. 26(B) motion, would provide the appropriate vehicle for relief. . . .

(*Id.*) (state case citations omitted). Respondent states that "[t]here was no further appeal from this decision. (*Id.,* Brief, p. 5).[1]

On May 19, 2003, petitioner filed a *pro se* petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 with the Hamilton County Common Pleas Court. (*Id.,* Ex. 23). In the petition, petitioner claimed (1) ineffective assistance by his trial counsel in failing "to pursue and present criminal entrapment defense and [to] compel[] disclos[ure] of exculpatory/impeach[ment] evidence from the State;" and (2) prosecutorial misconduct in withholding from the defense "favorable material in the form of exculpatory and impeachment evidence i.e. (audio tapes)." (*Id.*). On May 22, 2003, the State filed a motion to dismiss the petition on the ground that it was untimely-filed. (*Id.*, Ex. 24). Apparently, when respondent filed the return of writ, the Common Pleas Court had not yet ruled on the post-conviction petition. The parties have not submitted any further pleadings updating the Court about the current status of this state post-conviction proceeding.

---

[1]It appears from the record that after the Ohio Court of Appeals denied petitioner's reopening application, petitioner filed a motion to amend the application on April 23, 2003 and a motion for reconsideration on April 30, 2003. (*See* Doc. 5, Exs. 20, 21). On August 13, 2003, the Ohio Court of Appeals denied petitioner's application for reconsideration and ordered that petitioner's motion for leave to amend his application be stricken. (*Id.*, Ex. 22). Respondent states that "[t]here was no further appeal from this decision." (*Id.,* Brief, p. 6).

On September 30, 2003, petitioner signed the instant habeas corpus petition, which was stamped as "filed" with the Court on October 10, 2003. (Doc. 1). In the petition, petitioner alleges in one ground for relief that he was denied effective assistance of counsel when his attorney at trial "erroneously advised [him] to plead guilty and agree to a sentence which could not have been imposed under Ohio law," and when his attorney on appeal "failed to file a timely response" to the State's motion to dismiss the appeal. (*Id.,* attachment).

In the return of writ, respondent concedes the petition is not barred from review on statute of limitations grounds. (Doc. 5, Brief, p. 8). He contends, however, that petitioner has waived his ineffective assistance of appellate counsel claim due to his procedural default in the state courts and that petitioner's ineffective assistance of trial counsel claim remains unexhausted in the state courts. (*Id.,* pp. 8-12).

## OPINION

### Petitioner's Two Claims For Habeas Corpus Relief Are Waived Due To Petitioner's Procedural Defaults In The State Courts

The resolution of respondent's waiver and exhaustion defense requires an understanding of the principles of exhaustion and waiver in habeas corpus cases, which although overlapping to some degree, are separate and distinct concepts leading to either dismissal of the case without prejudice (or an administrative stay of the case) when exhaustion principles are applied or the denial of unexhausted claims with prejudice when waiver principles are invoked.

The waiver and exhaustion principles are premised on the same underlying rationale. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

Although premised on the same concerns, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations. If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of

requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510 & 522 (1982).

On the other hand, if petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, neither of petitioner's ineffective assistance of counsel claims alleged in his sole ground for relief has been fairly presented to or considered on the merits by the Ohio courts. Moreover, it appears that the claims, which petitioner presented only to the Ohio Court of Appeals in his application to reopen his direct appeal, are both subject to dismissal on waiver grounds.

First, as respondent has argued (*see* Doc. 5, Brief, pp. 10-12), it appears that petitioner has waived his ineffective assistance of appellate counsel claim due to his procedural default in failing to appeal to the Supreme Court of Ohio the Ohio Court of Appeals' denial of his reopening application on April 16, 2003 or the denial of his motion for reconsideration on August 23, 2003. (*See id.,* Exs. 19, 22). Under Rule II, § 2(A)(1), of the Rules of Practice of the Supreme Court of Ohio, petitioner was required to file a notice of appeal in the supreme court "within 45 days from the entry of the judgment being appealed." Although under Rule II, § 2(A)(4)(a), criminal defendants are permitted the opportunity to seek a delayed appeal in felony cases, the rules expressly provide that the provision for delayed appeals "does not apply to appeals involving postconviction relief, including appeals brought pursuant to . . . App. R. 26(B)." Rule II, § 2(A)(4)(b), of the Rules of Practice of the Supreme Court of Ohio; *cf. Morgan v. Eads,* 818 N.E.2d 1157 (Ohio 2004) (holding that an application for reopening of the direct appeal under Ohio R. App. P. 26(B) is a collateral post-conviction remedy rather than part of the direct appeal).

Because petitioner thus did not provide the state's highest court with the opportunity to consider the ineffective assistance of appellate counsel claim raised in his reopening application as well as the instant petition, petitioner failed to satisfy the "fair presentation" requirement set forth in 28 U.S.C. § 2254(b)(1), (c). *See O'Sullivan,* 526 U.S. at 845; *Leroy,* 757 F.2d at 97, 99-100. Because there no longer is an avenue of relief that remains available in the state courts for petitioner to pursue his ineffective assistance of appellate counsel claim, this Court concludes that he has waived the claim absent a showing of cause and prejudice or of a fundamental miscarriage of justice.

With respect to petitioner's remaining ineffective assistance of trial counsel claim alleged in the petition, respondent contends that the claim is subject to dismissal on exhaustion grounds because it was presented by petitioner in the state post-conviction petition then pending and thus unexhausted in the state courts. (Doc. 5, Brief, pp. 12-13). However, upon review of petitioner's *pro se* state post-conviction petition attached as an exhibit to the return of writ (*see id.,* Ex. 23), it appears that contrary to respondent's contention, petitioner did not assert the specific ineffective assistance of trial counsel claim before this Court in his state post-conviction petition. In this case, petitioner alleges that his trial counsel was ineffective when he advised petitioner to enter a guilty plea and to agree to the sentence ultimately imposed by the trial court. (Doc. 1, attachment). In contrast, in his state post-conviction petition, petitioner claimed only that his

trial counsel was ineffective in failing to present an entrapment defense and in failing to compel disclosure of exculpatory evidence from the State. (Doc. 5, Ex. 23).

Petitioner did raise the ineffective assistance of trial counsel claim asserted here in his state reopening application. (*See id.,* Ex. 17). In rejecting this claim, the Ohio Court of Appeals expressly stated that because petitioner had been represented by the same counsel at trial and on direct appeal, the "appropriate vehicle" for petitioner to pursue relief on this claim would be a state post-conviction petition brought pursuant to Ohio Rev. Code § 2953.21. (*Id.,* Ex. 19). Despite the Ohio Court of Appeals' explicit instruction on this point, petitioner did not reassert the ineffective assistance of trial counsel claim in his state post-conviction petition filed on May 19, 2003, a month after the Ohio Court of Appeals issued its decision in the reopening matter.

At this late date, it would be futile for petitioner to attempt to obtain relief in the state courts on his ineffective assistance of trial counsel claim alleged in the instant petition by asserting it as a claim in another successive state post-conviction petition. Pursuant to Rev. Code § 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal proceedings. The court is permitted to consider a petition filed after the deadline set forth in § 2953.21(A)(2) has expired only if (1) the petitioner shows he "was unavoidably

prevented from discovery of the facts upon which [he] must rely to present the claim for relief," **or** "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" **and** (2) the "petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." Ohio Rev. Code § 2953.23.

In this case, petitioner's ineffective assistance of trial claim is not based on a "new federal or state right" recognized by the United States Supreme Court. Nor can petitioner argue that he was "unavoidably prevented from discovery of the facts" underlying his ineffective assistance of trial counsel claim. The facts underlying this claim came out in the direct appeal proceedings challenging petitioner's sentences, particularly given that the stated basis for the State's motion to dismiss the appeal was that petitioner had only raised "issues pertaining to an agreed sentence." (*See* Doc. 5, Exs. 10, 12). Moreover, petitioner was expressly informed by the Ohio Court of Appeals during the reopening proceedings that the proper avenue to pursue relief on such a claim was a state post-conviction petition. (*Id.,* Ex. 19). However, petitioner did not assert the claim in the state post-conviction petition that he filed soon after the Ohio Court of Appeals issued its decision denying petitioner's reopening application.

Petitioner, therefore, is unable to satisfy the requirements set forth in Ohio Rev. Code § 2953.23, which must be met in order for him to bring his ineffective assistance of trial claim to the state courts' attention by way of a successive petition for post-conviction relief filed years after the expiration of the 180-day deadline set forth in Ohio Rev. Code § 2953.21(A)(2). Because it would be futile at this late juncture for petitioner to pursue this remedy, and because there is no additional state remedy available for petitioner to pursue, the undersigned concludes that petitioner's ineffective assistance of trial counsel claim also is subject to dismissal with prejudice on waiver grounds absent a showing of cause and prejudice or that a fundamental of miscarriage of justice will occur if the claim is not considered on the merits.

Petitioner has not argued, nor does the record demonstrate, that a fundamental miscarriage of justice will occur if his procedurally-defaulted ineffective assistance of counsel claims are not addressed on the merits by this Court. Moreover, petitioner has failed to establish "cause" for his procedural defaults in the state courts. Accordingly, in the absence of such a showing, the undersigned concludes that petitioner is not entitled to habeas corpus relief because he has waived his ineffective assistance of trial and appellate counsel claims alleged as his sole ground for relief due to his procedural defaults in failing to appeal to the Supreme Court of Ohio the Ohio Court of Appeals' decisions in the reopening proceeding and in failing to assert his ineffective assistance of trial counsel claim in a state post-conviction petition that satisfies the requirements set forth in Ohio Rev. Code §§ 2953.21(A)(2) and 2953.23.

Case: 1:03-cv-00690-HJW-TSB Doc #: 9 Filed: 03/02/06 Page: 14 of 15 PAGEID #: 66



## CONCLUSION

Upon a *de novo* review of the record, the Court finds that the Magistrate Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case. Accordingly, in the absence of any objection by petitioner, this Court accepts the Report as uncontroverted.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby ADOPTS his Report and Recommendation dated December 30, 2005. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED WITH PREJUDICE.**

A certificate of appealability shall not issue with respect to petitioner's ground for relief alleged in the petition, which this Court has concluded is waived and thus barred from review on procedural waiver grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[2]

---

[2]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

This case is **DISMISSED AND TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court